Dear Judge Cavanaugh:
This office is in receipt of your opinion request in which you present the following issues for our review:
 1) Does a Clerk of Court have authority to grant a waiver of the seventy-two hour waiting period required in R.S. 9:241?
 2) Does a rubber stamp on the face of a marriage license, signed by a justice of the peace or judge stating "72 hour requirement of R.S. 9:241 waived" fulfill the requirements of the certificate in R.S. 9:242?
 3) If the answer to number 2 above is "Yes," can a justice of the peace or judge sign the stamp on a blank marriage license form without ever seeing the couple requesting the waiver or knowing the reasons for needing the waiver before signing?
In connection with these issues, the following statutes provide the general provisions regarding marriage license and waivers:
La. R.S. 9:221, regarding the authority to issue a marriage license, states:
 A license authorizing an officiant to perform a marriage ceremony must be issued by:
 (1) The state registrar of vital records, or a judge of the city court, in the Parish of Orleans;
 (2) The clerk of court in any other parish; or
 (3) A district judge, if the clerk of court is a party to the marriage.
La. R.S. 9:225, regarding attachments to a marriage license states:
 A. An application for a marriage license shall be accompanied by:
 (1) A certified copy of each party's birth certificate.
 (2) The written consent for a minor to marry or the court's authorization for the minor to marry, or both, as required by Chapter 6 of Title XV of the Children's Code.
 (3) If applicable, the declaration of intent for a covenant marriage, as provided by Part VII of this Chapter.
 B. It shall be unlawful for any officer authorized to issue a marriage license in this state to issue a license to any male or female unless both parties first present and file with such officer a certified copy of their original birth certificate. A photostatic or photographic reproduction of the certified copy of the birth certificate may be filed with the officer.
 Proof of birth facts is required by R.S. 9:227 which states:
 A. If no birth certificate is on file for an applicant, a letter signed by the proper registration authority, under his raised seal or stamp, must be submitted in lieu of a birth certificate. The letter must state that a thorough search was made and no birth record was located for the applicant.
 B. The officer issuing the marriage license may demand other proof of birth facts.
 La. R.S. 9:228 states:
 In the event of extenuating circumstances, and after finding that the parties have complied with all other requirements, a judge of the Orleans Parish City Court, a family court judge, or any district court judge, or any district court judge of a parish may order an issuing official within the territorial jurisdiction of his court to issue a marriage license without the applicant submitting a birth certificate. In the event of extenuating circumstances, and after finding that the parties have complied with all other requirements, a justice of the peace or city court judge may order an issuing official within the parish where his court is situated to issue a marriage license without the applicant submitting a birth certificate. The order need not state the reasons.
 La. R.S. 9:241 states:
 An officiant may not perform a marriage ceremony until seventy-two hours have elapsed since the issuance of the marriage license.
 La. R.S. 9:242 states:
 A judge or justice of the peace authorized to perform the marriage may waive the seventy-two hour delay upon application of the parties giving serious and meritorious reasons. His certificate authorizing the immediate performance of the ceremony must be attached to the marriage license.
 La. R.S. 9:243 states:
 An officiant, other than a judge or justice of the peace, who violates R.S. 9:241 may have his authority to perform marriage ceremonies revoked by the state registrar of vital records. The revocation may not exceed one year.
In consideration of the above cited statutes, before an officiant can perform a marriage ceremony, he must first receive a marriage license authorizing such a ceremony, and such a marriage license must have been issued at least seventy-two hours before the ceremony. La. R.S. 9:205, 241. Such a license mayonly be issued by certain people: (1) the state registrar of vital records; or (2) a city court judge in Orleans Parish; or (3) the clerk of court of any other parish; or (4) if the clerk of court is a party to the marriage, a district court judge. There are three requirements for the issuance of a marriage license: (1) a certified copy of each party's birth certificate, and (2) if a party is a minor, the written consent of the minor's parent/guardian and/or the court's authorization, and (3) if applicable, a declaration of intent to form a covenant marriage.
If the parties need to waive the seventy-two hour waiting period, they may apply only to the judge or the justice of the peace authorized to perform the ceremony for that waiver. As a Clerk of court is not authorized to perform the ceremony, the Clerk of Court does not have the power to grant a waiver of the seventy-two hour waiting period required by La. R.S. 9:24. However, because no specific form of certificate is required by the statute, a rubber stamp, stating "72 hour requirement of R.S.9:241 waived," on the face of the marriage license is technically sufficient. However the stamp may not be placed on the license except through the authorization of the waiving judge or justice of the peace on a case-by-case basis. A stamp on a blank license would violate the requirement of giving serious and meritorious reasons to the judge. The applying party must have given serious and meritorious reasons for such a waiver to the waiving judge or justice of the peace. Because an "in person" application for such a waiver is not required by La. R.S. 9:242, it is not necessary for the waiving judge or justice of the peace to actually see the couple before he authorizes the waiver; however, he would have to know the serious reasons behind such a request for a waiver of the seventy-two hour delay.
We hope this opinion sufficiently addressed your concerns. If we may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: J. RICHARD WILLIAMS
ASSISTANT ATTORNEY GENERAL
RPI/JRW/BK/crt
cc: Constable Bubba Dykes